JOHN-LOUIS H. DELL, ESQ. (SBN 344873)
Email: John@Louisdell.com
LOUIS P. DELL, ESQ. (SBN 164830)
Email: Ldell@Louisdell.com
LAW OFFICE OF LOUIS P. DELL
715 South Victory Blvd.
Burbank, CA 91502
(818)478-2822

Attorney for Plaintiff,
MICHAEL BRYANT

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRYANT,<br>　　　　　Plaintiff,<br><br>vs.<br><br><br>JPMORGAN CHASE BANK, N.A.,<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br>and DOES 1-10,<br>　　　　　Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES and<br>DEMAND FOR JURY TRIAL |

Plaintiff, MICHAEL BRYANT, by his attorney, states as follows:

**INTRODUCTION**

1.  An individual fraudulently used the plaintiff's name to apply for a fictitious DBA and opened a false business account at Chase Bank. The

- 1 –

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

plaintiff not been involved or knowledge of these actions. When the plaintiff found the fraudulent account on his credit report, he requested its removal, but his request was denied.

2. This is an action for damages, attorney fees and costs brought pursuant to the Fair Credit Reporting Act (FCRA) [15 U.S.C. § 1681 et. seq.] and supplemental state claims.

3. These Acts are manifestly remedial measures, intended for the protection of the consumer and they should be given a construction calculated to bring its benefits into action.

## JURISDICTION

4. Federal court jurisdiction is founded upon claims made under the Fair Credit Reporting Act (FCRA) [15 U.S.C. § 1681 et seq.]. The court has supplemental jurisdiction over the state law claims made herein.

## VENUE

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff MICHAEL BRYANT is a natural person, and resides in the State of California, County of Los Angeles.

7. Herron is a "consumer" within the meaning of 15 U.S.C. § 1681a(c) and is entitled to the protection under the Fair Credit Reporting Act.

8. Defendant, JPMORGAN CHASE BANK, N.A., ("Chase") is a National Banking Association organized under the laws of the United States with its principal place of business in Columbus, Ohio.

9. Defendant Chase's website describes itself as "a leader in investment banking, commercial banking, financial transaction processing and asset management. We serve millions of customers, predominantly in the U.S., and many of the world's most prominent corporate, institutional and government clients globally." This involves issuing consumer credit cards.

10. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian" or "credit bureau(s)"), is an Ohio Corporation. This defendant is a consumer reporting agency.

11. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 - 10, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner to plaintiff as hereinafter alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

12. The reference to any of the named defendants shall also be construed to include reference to DOES 1-10.

13. For the purpose of this lawsuit, unless otherwise indicated, "defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the defendant(s) named in this caption.

14. Plaintiff makes these allegations on information and belief, except for those allegations that pertain to a plaintiff, or to the plaintiff's counsel, which the plaintiff alleges on personal knowledge.

## FACTUAL ALLEGATIONS

15. An unknown identity thief created a fake DBA, "Bryant Family Catering" using the plaintiff's name.

16. The identity thief opened a credit card account in the plaintiff's name at a Chase branch: JPMCB – Card Services, variously described as Accts. 2773, 9336, 9937, or 3138 (last four digits).

17. The credit card account had a delinquent balance in excess of $8,000 as of December 2023.

18. The plaintiff is unaware of the identity thief's identity and had no knowledge of the creation of the DBA or bank account.

19. Beginning around April 10, 2023, the plaintiff made several written disputes with each of the defendants directly and through the defendant credit bureau(s) in the manner required by the FCRA.

20. On information and belief, the defendant credit bureau(s) forwarded the plaintiff's disputes to Chase who had a duty to correct the plaintiff's account item so that it was accurate as required by the FCRA. Chase failed to comply with its legal obligation to correct the account item.

21. In the alternative, on information and belief, the defendant credit bureau(s) failed to transmit the plaintiff's dispute to Chase, failed to provide the dispute to permit Chase to properly investigate, and/or failed to take the appropriate action in response to information received from Chase. The defendant credit bureau(s) violated their legal obligations under the FCRA.

None of the above defendants had a permissible purpose make inquiry into Henderson's credit file.

The defendants did not obtain her written authorization, nor did they act pursuant to a credit transaction initiated by her.

- 4 –

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The defendants obtained Henderson's consumer report under false pretenses.

Each of the inquiries by the defendants was recorded as an item in Henderson's credit report and inaccurately portrayed Henderson has having entered into a credit transaction and/or authorized each defendant to make inquiry into her report. The entry of such inquiry created an inaccuracy in each of her credit reports.

22. without Lisa Henderson's knowledge or consent, the following defendants made inquiry into Lisa Henderson's Equifax credit file: Fidelity Bank, Capital One, Ally Financial, GMAC Automotive Bank, Mac Churchill Auto Mall, Suntrust Indirect Western.Each of the inquiries by the defendants was recorded as an item in Henderson's credit report and inaccurately portrayed Henderson has having entered into a credit transaction and/or authorized each defendant to make inquiry into her report. The entry of such inquiry created an inaccuracy in each of her credit reports.

23. As a proximate result of the actions of the defendants, and each of them, the plaintiff has been damaged in an amount which will be proven at time of trial.

24. The Plaintiff has suffered concrete and actual damages including pecuniary loss, risk or actual damage to credit rating as the account was reported on his/her credit reports, the inability to obtain credit and/or inability to obtain credit at an interest rate or at terms he/she would have been able to obtain had the defendants not so acted. The Plaintiff has abstained from applying for credit, and/or had adverse action taken on existing bank accounts and/or was denied credit.

25. The plaintiff suffered emotional distress, including but not limited to anxiety, embarrassment, humiliation, shame, depression, feelings of powerlessness, anguish, irritability, inability to concentrate, loss of sleep, nightmares, daily worry, headaches, and malaise.

26. He has incurred out-of-pocket expenses including but not limited to postal expenses for mailing disputes and is liable for the court fees in this lawsuit.

## FIRST CAUSE OF ACTION
## (Violation of the FCRA - Furnisher)

27. Paragraphs 1-26 of this complaint are alleged in this cause of action.

28. This cause of action is asserted against defendant Chase, and DOES 1-10.

29. Each defendant named in this cause of action negligently or willfully failed to comply with the requirements imposed on it under the Fair Credit Reporting Act with respect to the plaintiff. In particular, but without limitation, each defendant violated 15 U.S.C. § 1681s-2(b).

30. After receiving notice pursuant to § 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the defendants failed to—(A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that

compile and maintain files on consumers on a nationwide basis; and (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—(i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information.

31. The defendants negligently and/or willfully violated the provisions of the Fair Credit Reporting Act in at least the following respects:

    i. By willfully and negligently failing to correct, after receiving ample notice, information about the plaintiff which the defendants knew, or should have known, was incomplete and/or inaccurate;

    ii. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in the plaintiff's file after conducting an investigation;

    iii. By willfully and negligently failing to conduct an adequate investigation of Plaintiff s complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants;

    iv. By willfully and negligently changing account numbers and account number designations so as to make reinvestigation and deletion more difficult for the consumer, but in turn more lucrative for bureaus and furnishers because derogatory account information will remain on credit reports longer;

  v. By willfully and negligently failing to provide notice to Plaintiff of the furnishing of negative credit information to credit reporting agencies;

  vi. By willfully and negligently failing to provide such information to the credit bureaus indicating the full nature, reasons and extent of the plaintiff's dispute, and thus causing the credit report to the credit bureaus to be inaccurate and incomplete.

32. The plaintiff alleges that the defendants, and each of them, have willfully violated FCRA with respect to the plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts. The defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed. These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid. These facts were not disclosed to the plaintiff.

33. Each defendant named in this cause of action is liable to the plaintiff for every violation described in this complaint under 15 U.S.C. §§ 1681o, 1681n.

34. The plaintiff is entitled to damages, attorney fees, and costs pursuant to 15 U.S.C. §§ 1681n & 1681o.

## SECOND CAUSE OF ACTION

## (Violation of the FCRA – Impermissible Purpose)

35. Paragraphs 1-26 of this complaint are alleged in this cause of action.

36. This cause of action is asserted against defendant Chase, and DOES 1-10.

37. Each of the defendants named in this cause of action negligently and/or willfully failed to comply with the requirements imposed by the Fair Credit Reporting Act. Without limit, the defendants violated the sections listed below.

38. Each of the defendants named in this cause of action violated 15 U.S.C. § 1681b(f) which prohibits the use of a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report.

39. The "permissible purposes" for which a consumer report are authorized are set out in 15 U.S.C. § 1681b which, in relevant part, generally limits disclosure of a consumer report unless authorized in writing by the consumer or in connection with a credit transaction involving the consumer.

40. Each of the defendants named in this cause of action further violated 15 U.S.C. § 1681q which prohibits obtaining a consumer's credit information under false pretenses.

41. Each defendant named in this cause of action is liable to the plaintiff for every violation described in this complaint under 15 U.S.C. §§ 1681o, 1681n.

42. The plaintiff is entitled to damages, attorney fees, and costs pursuant to 15 U.S.C. §§ 1681n & 1681o.

## THIRD CAUSE OF ACTION
### (Violation of the California CCRA - Furnisher)

43. Paragraphs 1-26 of this complaint are alleged in this cause of action.

44. This cause of action is asserted against defendant Chase, and DOES 1-10.

45. The foregoing acts and omissions of false credit reporting constitute violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a)

46. Each defendant named in this cause of action is liable to the plaintiff for every violation described in this complaint under Cal. Civ. Code § 1788.31.

## FOURTH CAUSE OF ACTION
### (Violation of FCRA - Credit Reporting Agency)

47. Paragraphs 1-26 of this complaint are alleged in this cause of action.

48. This cause of action is asserted against defendants Experian, and DOES 1-10.

49. The defendants, and each of them, negligently and/or willfully violated the provisions of the Fair Credit Reporting Act in at least the following respects:

   i. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

ii. By willfully and negligently failing to correct, after receiving ample notice, information about the plaintiff which the defendants knew, or should have known, was incomplete and/or inaccurate;

iii. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in the plaintiff's file after conducting an investigation;

iv. By willfully and negligently failing to conduct an adequate investigation of Plaintiff s complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants;

v. By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof;

vi. By willfully and negligently changing account numbers and account number designations so as to make reinvestigation and deletion more difficult for the consumer, but in turn more lucrative for bureaus and furnishers because derogatory account information will remain on credit reports longer;

vii. By willfully and negligently failing to provide notice to Plaintiff of the furnishing of negative credit information to credit reporting agencies;

viii. By willfully and negligently failing to provide such information to the credit bureaus indicating the full nature, reasons and extent of the plaintiff's dispute, and thus causing the credit report to the credit bureaus to be inaccurate and incomplete.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

50. Each defendant named in this cause of action is liable to the plaintiff for every violation described in this complaint under 15 U.S.C. §§ 1681o, 1681n.

51. The plaintiff is entitled to damages, attorney fees, and costs pursuant to 15 U.S.C. §§ 1681n & 1681o.

## FIFTH CAUSE OF ACTION

**(Violation of the California CCRA – Credit Reporting Agency)**

52. Paragraphs 1-26 of this complaint are alleged in this cause of action.

53. This cause of action is asserted against defendant Experian, and DOES 1-10.

54. The foregoing acts and omissions of false credit reporting constitute violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a)

55. Each defendant named in this cause of action is liable to the plaintiff for every violation described in this complaint under Cal. Civ. Code § 1788.31.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays for judgment against each of the defendants as follows:

AS TO THE FIRST CAUSE OF ACTION against Defendant Chase, and DOES 1-10:

1. Actual damages;

2. Statutory damages for willful violations of no less than $1,000 for each violation;

- 12 –

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

    3.    Punitive damages for willful violations;

    4.    Reasonable attorney fees;

    5.    Costs of suit; and

    6.    For such further relief as the court may deem just and equitable.

AS TO THE SECOND CAUSE OF ACTION against Defendant Chase, and DOES 1-10:

    1.    Actual damages;

    2.    Statutory damages for willful violations of no less than $1,000 for each violation;

    3.    Punitive damages for willful violations;

    4.    Reasonable attorney fees;

    5.    Costs of suit; and

    6.    For such further relief as the court may deem just and equitable.

AS TO THE THIRD CAUSE OF ACTION against Defendant Chase, and DOES 1-10:

    1.    Actual damages;

    2.    Statutory damages of not less than $100 nor more than five thousand dollars $5,000 for each violation;

    3.    Punitive damages for willful violations;

    4.    Reasonable attorney fees;

    5.    Costs of suit; and

    6.    For such further relief as the court may deem just and equitable.

AS TO THE FOURTH CAUSE OF ACTION against Defendant Chase, and DOES 1-10:

    1.    Actual damages;

Law Office of Louis P. Dell
Attorney and Counselor at Law

    2.     Statutory damages for willful violations of no less than $1,000 for each violation;

    3.     Punitive damages for willful violations;

    4.     Reasonable attorney fees;

    5.     Costs of suit; and

    6.     For such further relief as the court may deem just and equitable.

AS TO THE FIFTH CAUSE OF ACTION against Defendant Chase, and DOES 1-10:

    1.     Actual damages;

    2.     Statutory damages of not less than $100 nor more than five thousand dollars $5,000 for each violation;

    3.     Punitive damages for willful violations;

    4.     Reasonable attorney fees;

    5.     Costs of suit; and

    6.     For such further relief as the court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: March 8, 2024                            Law Office of Louis P. Dell

                                                   /s/ John-Louis H. Dell
                                                   Attorney for Plaintiff,
                                                   MICHAEL BRYANT

Law Office of Louis P. Dell
Attorney and Counselor at Law